*100 OPINION.
Marquette:
The question here presented is whether, for the purpose of Federal income tax, petitioner is entitled to treat as capital gain the amounts he received from sales of certain real estate. Three tracts are involved. Two of them, known as Trusts No. 3500 and No. 3614, were subdivided and gradually sold as lots by petitioner after he had held them for more than two years. The third, known as Trust No. 5878, was sold as an entirety about one year after petitioner acquired it, but the sale was not for cash and the final payment was not received by petitioner until about five years after he first bought the land.
It is clearly shown by the facts before us that petitioner was simultaneously engaged in several lines of business, and that one of them was the buying and selling of real estate. He was a licensed real estate broker and maintained an office. He had platted subdivisions and during the taxable years he had a branch office on or near the property and kept salesmen there. A person may be engaged in more than one trade or business at the same time. Louis M. Goldberg, 9 B. T. A. 1355; Walter F. Brown, 13 B. T. A. 832.
With respect to the year 1923 the question is governed by the Bevenue Act of 1921, section 206, the pertinent provisions of which are:
(1) The term “capital gain ” means taxable gain from tbe sale or exchange of capital assets consummated after December 31, 1921;
**!£#***
(6) Tbe term “capital assets” as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stools: in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer' if on hand at the close of the taxable year.
As to the other years here involved, the Bevenue Acts of 1924 and 1926 govern. Section 208 (a) (8) of each of those acts provides:
The term “ capital assets ” means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.
Bespecting the land which petitioner had subdivided and placed in Trusts No. 3500 and No. 3614, the exact question before us was considered in John S. Phipps, 19 B. T. A. 1293. The Board held that real estate could not be included in an inventory, citing Atlantic Coast Realty Co., 11 B. T, A. 416, and Albert F. Keeney, 17 B. T. A. *101 560. Therefore, real property sold in 1923 that had been held by the taxpayer for more than two years was a capital investment. The same reasoning applies in the instant proceeding, and petitioner’s receipts from Trusts No. 3500 and No. 3614 during 1923 should be taxed as capital gain. But his receipts from those trusts for 1924, 1925 and 1926 were not derived from capital assets as defined by the controlling statutes, but from property held primarily for sale in the course of his business. Hence, such receipts constitute taxable income under sections 210.and 211 of the Revenue Acts of 1924 and 1926. Cf. John S. Phipps, supra.
With respect to the tract known as Trust No. 5878, petitioner had held it less than two years when, in November, 1923, he entered into a contract for its sale. The purchase price was paid to him in installments during the next four years. He contends that the sale was not consummated until 1927, when the final payment was made.
In our opinion petitioner’s agreement in 1923 was a contract of sale of the tract. He received a substantial sum as a down payment and placed the property in trust for the benefit of the purchasers after payment of the balance of the purchase price. The dominion of the property passed from petitioner to the purchasers. Such circumstances preclude the idea of an executory contract to sell at some future date. Davidson & Case Lumber Co. v. Motter, 14 Fed. (2d) 137; Grace Harbor Lumber Co., 14 B. T. A. 966; Shipowners & Merchants Tugboat Co., 22 B. T. A. 1084. The petitioner acquired the tract in 1922 and sold it in 1923. Therefore, the property did not constitute a capital asset within the meaning of section 208 (a) (8) of the Revenue Acts of 1924 and 1926, and profits from its sale are taxable as ordinary income.

Decision will be entered under Rule 50.